PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* I. RODRÍGUEZ ALBERTY, Defendant and Appellant.

No. 3148. Argued June 22, 1927.—Decided May 21, 1929.

*Víctor P. Martínez* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Section 17 of Act No. 15 of 1921 authorizing the creation of a board of pharmacy, determining the validity of certain diplomas of pharmacists, and for other purposes, provides

as follows: "No pharmacist having the degree of Doctor of Medicine, shall practice both professions in the same locality simultaneously."

Dr. I. Rodríguez Alberty, the appellant, was convicted of having violated that section of the Act on a complaint made in July of 1926 which charged that since June of 1926 and in the municipality of San Sebastián he had been practicing simultaneously in that locality the professions of physician and pharmacist, for which he held diplomas, acting as manager of the pharmacy of I. Rodríguez Alberty & Co. in which he also had a doctor's office with a sign announcing to the public that medical prescriptions were dispensed.

The first four errors assigned by the appellant for a reversal of the judgment appealed from may be considered together, as they are based on the overruling of the demurrer to the complaint on the ground of the unconstitutionality of section 17, *supra,* because it had been given retroactive effect and because of the repudiation of the legal doctrine that no one can go against his own acts.

We have mentioned the substance of the complaint and nothing appears from it which could serve as a basis for alleging and deciding that the act said to have been violated by the appellant had been given retroactive effect, nor does it contain any fact to support a deduction of the infringement of the doctrine that no one may repudiate his own acts. Therefore, we shall consider only whether or not the section whose violation is charged is unconstitutional, that is, whether the provision that pharmacists licensed as physicians shall not practice both professions simultaneously in the same locality is valid.

The reasons stated by the appellant for his contention that the law for whose violation he was convicted is unconstitutional are that it is in conflict with the Constitution and with our Organic Act in that part of its section 2 which reads "That no law shall be enacted in Porto Rico which shall deprive any person of life, liberty, or property without due

process of law, or deny to any person therein the equal protection of the laws."

There can be no doubt that the right to practice any profession is one of the privileges guaranteed by the Constitution and also by our Organic Act in the part quoted from its section 2; but the act under consideration does not deprive the appellant of the practice of his professions as physician and pharmacist, although it regulates them by prescribing that they can not be practiced simultaneously in the same locality. Therefore, the question is whether the Legislature, in accordance with the police power inherent in every State, could so regulate the practice of those professions without infringing the rights of the appellant.

In *People* v. *Correa,* 31 P.R.R. 504, cited by the appellant, this court referred to what is said in 6 R.C.L. 217, to the effect that the right to regulate is an exception to the general rule that every person has a right to pursue any lawful calling, such right being dependent upon a reasonable necessity for its exercise to protect the health, morals or general welfare of the State. Consequently, what must be taken into account on the point in considering that Act is whether the regulation is unreasonable, inasmuch as we said also in that case, citing the case of *Bonnett* v. *Vallier,* 17 L.R.A. (N. S.) 486, that there is no certain test by which what is reasonable in any given case can be definitely measured, as it is a matter resting on human judgment, so that the line between what is reasonable and what is not, marking the boundary of constitutional authority of the Legislature, is one often difficult of ascertainment, rendering it very necessary, in all doubtful cases, for the judiciary to defer to the wisdom of the Legislature, except where the boundary has been plainly passed, in which case it is the duty of the court to repel the encroachment and to uphold the Constitution. It is also said in 6 R.C.L. 221, that since all rights are held subject to the police power of the state, when necessary the Legislature may prohibit absolutely the maintenance of any particular

business if the public safety or the public morals require its discontinuance; and that the hand of the Legislature can not be stayed from providing for its discontinuance by any incidental inconvenience which individuals or corporations may suffer.

In consequence of the foregoing we will say that if the regulation by the Legislature is not clearly unreasonable we will not interfere with its police power in this case in which it not only has not been shown that the provision under consideration is unreasonable, but also because in our opinion it was enacted for the benefit of public morals, for it may be imagined that a person practicing as a pharmacist and as a physician simultaneously in the same locality might make many prescriptions for his patients as a physician, some unnecessary ones perhaps, in order to increase his business as a pharmacist, thus causing his patients to spend more money. If we add to this that section 16 of the same Act provides that a pharmacist must give his personal attention to the pharmacy, it may be seen that perhaps this was also one of the reasons of the Legislature for establishing that prohibition, since the simultaneous practice of the professions of pharmacy and medicine would force him to neglect either the pharmacy or the patients requiring his services at other places. From the foregoing we can not hold that the statute for whose violation the appellant was convicted is contrary to the Constitution or to the Organic Act.

It is alleged also by the appellant as the fifth ground of his appeal that the court erred in finding that the complaint had been proved, but the evidence introduced in the trial court convinces us that this was not an error, for witness Francisco E. Arana testified that the defendant told him that he was the manager of the pharmacy and he saw that the defendant had a doctor's office in the pharmacy and had his doctor's diploma in that office and his diploma of pharmacist in the pharmacy. And witness Court, in charge of the civil registry of San Sebastián, testified that he received from

the defendant several death certificates signed by him as doctor, and said that he was practicing the medical profession. María Teresa Cortés also testified that the defendant prescribed for her. Besides, there is corroborative evidence of the admission by the appellant at the trial that on former occasions he had practiced both professions simultaneously.

It is alleged likewise that there was error in admitting at the trial a prescription which had not been identified. That prescription is not copied into the statement of the case and bill of exceptions approved by the court and therefore we do not know its contents, but even if the court erred in admitting it, the error would not be prejudicial because witness Cortés testified that the defendant prescribed for her.

The fifth error assigned is the overruling by the court of a motion to reconsider its judgment.

It appears from the bill of exceptions that on November 5, 1926, the day set by the district court for rendering judgment in the present case, the defendant filed a written motion for reconsideration of the judgment and the rendition of another acquitting him on the ground that as the trial *de novo* was held on October 2, 1926, five days were allowed for filing a brief, which was filed by the defendant in time, and the case having been submitted on October 8, the rendition of the judgment by the court on November 5 was done without jurisdiction, as the statutory period had more than expired. That motion was overruled by the court.

According to the judgment rendered on November 5, 1926, the trial *de novo* on appeal was held on October 2, 1926, on which day the defendant filed the demurrer disposed of at the outset which was not ruled on by the district court until at the time of rendering judgment. It is not shown that the defendant opposed the delay in ruling on the demurrer until after the evidence was heard, or objected to the setting of November 5 for rendering judgment. In view of these facts and since the demurrer had to be ruled on before judgment was rendered, we understand that the statutory period did

not begin to run until November 5 when the said demurrer was ruled on. And as the judgment was rendered on that day, there is no basis for considering whether there was an infringement of subdivision 5 of section 29 of the Code of Criminal Procedure which provides that in trials on appeal the district courts shall render judgment within two days after the trial. Furthermore, in *People* v. *Cardona,* 36 P.R.R. 556, a case very similar to this, the court said:

"Thus it appears that the court below was within the rule that the statutory period prescribed for the rendition of judgment may be extended by an order made in the presence of the parties and entered upon the minutes,—conceding for the sake of argument, without holding, that the provision in question should be regarded as mandatory rather than directory in the case of a district court when disposing of criminal cases after a trial *de novo* on appeal from a municipal court."

The judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.